UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDY QUEZADA, | Case No.: 2:24-cv-02308-APG-DJA |
| Petitioner, | **Order Dismissing Action** |
| v. | |
| RONALD OLIVER, *et al.*, | |
| Respondents. | |

This action was initiated *pro se* by Andy Quezada on December 12, 2024 as a petition for a writ of habeas corpus. Quezada has not paid the $5 filing fee and he has not applied to proceed *in forma pauperis*. And his habeas petition (ECF No. 1-1) is not on a form recognized by this court; rather, it is on a form apparently meant for filing in state court. *See* Local Rules LSR 1-1, 1-2, 3-1. I will dismiss this action, without prejudice, for these reasons.

If Quezada wishes to attempt to proceed with this action, he must submit a petition for writ of habeas corpus on the correct federal-court form, and he must either pay the $5 filing fee or file an application to proceed *in forma pauperis* using the correct form. He must do so in a new case. This means he should not include the case number of this case on those forms. I will direct the Clerk's Office to send Quezada the necessary forms with this order.

I note that Quezada's petition indicates that he has not exhausted in state court any claim related to the petition. *See* Petition, ECF No. 1-1 at 3, 10, 11. Therefore, even if filed correctly, his petition likely would not present any viable claim. There is no indication that Quezada has ever initiated a state-court action relative to his petition in this case. *Id*. "[A] state prisoner must

normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement gives state courts the initial opportunity to correct constitutional violations. *See id*. To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Given that Quezada drafted his petition using a state-court form, it is possible that he meant to initiate a state-court action rather than this federal-court action. If that is the case, Quezada should be sure to send his petition (on a state-court form) to the appropriate state court, and not to this federal court.

**I THEREFORE ORDER** that this action is **DISMISSED** without prejudice.

**I FURTHER ORDER** that, as reasonable jurists would not find the rulings in this order to be debatable, Quezada is denied a certificate of appealability.

**I FURTHER ORDER** the Clerk of the Court to:

- **ENTER JUDGMENT** dismissing this action without prejudice and **CLOSE THIS CASE**.

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon the respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and sending to his office a notice of electronic filing of the petition (ECF No. 1-1) and this order.

- **SEND** Quezada a copy of his petition (ECF No. 1-1), a copy of the court's form Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a

Person in State Custody (Not Sentenced to Death) Packet, and a copy of the court's form IFP Application to Proceed in Forma Pauperis (Inmate Packet).

Dated: December 18, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE